UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JEFFREY STEINBERG,

      Plaintiff,

      vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

      Defendant.

_____/

## NOTICE OF  REMOVAL

      Defendant VEMO Education, Inc. ("VEMO"), by and through its undersigned counsel, in accordance with the applicable Federal Rules of Civil Procedure, 28 U.S.C. §§ 1332, 1441, and 1446, files its Notice of and Petition for Removal (the "Notice").  Defendant requests that the Court remove this action filed by Plaintiff, Jeffrey Steinberg, ("Plaintiff"), from the 7th Judicial Circuit Court in and for Volusia County, Florida, to the United States District Court for the Middle District of Florida.  The removal of this action is based upon the following:

## I.    INTRODUCTION AND PROCEDURAL HISTORY

      1.      On or about April 21, 2020, Plaintiff filed a two-count Complaint in the Circuit Court of the 7th Judicial Circuit in and for Volusia County, Florida, styled *Jeffrey Steinberg v. Vemo Education, Inc.*, bearing Case No. 2020-10562-CIDL (the "Circuit Court Action").

      2.      Plaintiff's Complaint in the Circuit Court Action contains claims for breach of contract (Count I) and unpaid wages (Count II). A true and correct copy of all papers currently on file with the state court is appended hereto, in accordance with 28 U.S.C. 1446(a), as Exhibit A.

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date Defendant first learned that this case is one that is removable, and within one year after the case was filed.  *See* 28 U.S.C. § 1446(b)(3).  Defendant first learned that this case is removable on May 4, 2020, upon being served with Plaintiff's Complaint and a settlement demand from Plaintiff's counsel in the amount of $105,000.[1]

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and it is one that may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.  More specifically, this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.[2]

5.      Pursuant to 28 U.S.C. § 1446(a), the District and Division where this action is pending is the United States District Court for the Middle District of Florida, Orlando Division, and Defendant properly seeks to remove this action to this Court.

6.      In accordance with 28 U.S.C. § 1446(d), Defendant will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Seventh Judicial District in and for Volusia County, and simultaneously provide written notice of the filing of this Notice of Removal to Plaintiff as reflected by the Certificate of Service.

## II.      **DIVERSITY OF CITIZENSHIP EXISTS**

7.      To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant.  *See MacGinnittie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (providing that citizenship for diversity purposes is determined at the time the suit is filed).  For diversity

---

[1] Plaintiff's Demand Letter was sent on January 29, 2020.  *See* Exhibit B (Demand Letter).
[2] By filing this Notice of Removal, Defendant does not waive, and therefore reserves, its right to compel this action to arbitration.

jurisdiction purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

8.      Upon information and belief, Plaintiff is a citizen of the State of Florida. Furthermore, Plaintiff admits in her Complaint that she is a resident and citizen of Volusia County, Florida.  *See* Compl. ¶ 1.

9.      At the time the State Court Action commenced, Defendant was, and continues to be, a corporation organized under the laws of Delaware with its principal place of business (*i.e.*, its corporate offices and headquarters which house Defendant's executive and administrative functions) in Arlington, Virginia.  *See* Exhibit C, Def.'s 2020 Foreign Profit Corp. Am. Annual Report, which is also available on Florida's Secretary of State Website[3]; *see also* Exhibit D, Declaration of Shanaz Chowdhery.  Plaintiff admits in her Complaint that Defendant is a Delaware corporation with its headquarters in Arlington, Virginia.  *See* Compl. ¶ 2. Accordingly, Defendant is a citizen of Virginia, where it has its principal place of business.  *See Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010) (the principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities").

10.     As Plaintiff is a citizen of the State of Florida and Defendant is a citizen of the State of Virginia, complete diversity of citizenship exists between the parties.

## III.    THE AMOUNT IN CONTROVERSY EXCEEDS THE STATUTORY THRESHOLD

11.     Plaintiff's states in his Complaint that he seeks to recover a variety of damages, including for unpaid wages, pre-judgment interest, post-judgment interest, and reasonable

---

[3] Defendant requests that the Court take judicial notice of these records.  *See Allstate Ins. Co. v. Estate of Levesque,* No. 8:08-cv-2253-T-33EAJ, 2010 U.S. Dist. LEXIS 83299, at *5-6 (M.D. Fla. July 19, 2010) (providing that case law from the Eleventh Circuit and other jurisdictions supports judicially noticing documents filed with the Division of Corporations); *see also Siegel v. LePore,* 234 F.3d 1163, n. 5 (11th Cir. 2000) (noting that "[t]he Florida Supreme Court takes judicial notice of the contents of records kept by the Secretary of State.").

attorneys' fees and costs.  *See* Compl. "Wherefore" clause following ¶ 28.  However, Plaintiff does not specify the exact amount of damages that he seeks, other than his claim for "damages more than $30,000.00." *See id*. ¶ 3.

12.    Where, as here, removal is based on diversity of citizenship and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy."  28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Op. Co. v. Ownens*, 135 S. Ct. 547, 554 (2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

13.    In addition, in the event of a challenge to jurisdiction, a removing defendant is not required to "prove the amount in controversy beyond all doubt or to banish all uncertainty about it," but simply has to show, by a preponderance of the evidence, that the threshold is satisfied.[4] *Thomas v. Family Dollar Stores of Florida, Inc.,* No. 8:17-cv-583, 2017 U.S. Dist. LEXIS 65969, at *4 (M.D. Fla. May 1, 2017) (denying the plaintiff's motion to remand).   The "substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard;" instead, "[d]efendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper."  *Pretka v. Kolter City Plaza II Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).  As such, a plaintiff's unspecified demand does not place upon a removing defendant the daunting burden of proving, to a legal certainty, that a plaintiff's damages exceed the amount in controversy requirement. *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir.

---

[4] A plaintiff's unspecified demand does not place upon a removing defendant the daunting burden of proving, to a legal certainty, that a plaintiff's damages exceed the amount in controversy requirement. *Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

2000); *see also Roe v. Michelin Nserv. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010) ("preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant"); *Young v. Roy's Rest.*, No. 6:06-cv-178-Orl-19JGG, 2006 U.S. Dist. LEXIS 48483, at *8 (M.D. Fla. July 16, 2006) ("[i]n making the discretionary determination of whether to remand, the Supreme Court has instructed courts to weigh the values of judicial economy, convenience, fairness, and comity. Central to this inquiry is whether a plaintiff has engaged in gamesmanship or manipulative tactics . . . tactical manipulation by the plaintiff . . . cannot be condoned") (internal citations omitted).

14.     As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of her case as it stands at the time of removal. *Pretka*, 608 F.3d 744, 751 (11th Cir. 2010). Here, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

### A.     Plaintiff's Settlement Demand Exceeds the Statutory Threshold

15.     On January 29, 2020, Plaintiff made a settlement demand in this case in the amount of $105,000. *See* Exhibit B. Accordingly, Plaintiff's suit involves an amount in controversy in excess of $75,0000, exclusive of interest and costs. *See, e.g.*, *Hardesty v. State Farm Mut. Auto. Ins. Co.*, No. 609-cv-735-ORL-31KRS, 2009 WL 1423957, at *3 (M.D. Fla. May 18, 2009) (finding minimum jurisdictional amount met based on settlement demand); *Mick v. DeVibliss Air Power Co.*, No. 6:10-cv-1390-ORL, 2010 WL 5140849, at *2 (M.D. Fla. Dec. 14, 2010) ("[Settlement] letter is evidence of Plaintiff's view of the amount in controversy, and that view is relevant in deciding the Motion to Remand.").

**B.**     **Plaintiff's Demand For Attorneys' Fees Exceeds the Statutory Threshold**

16.     Plaintiff seeks in his Complaint to recover attorneys' fees and costs incurred in bringing this action.   *See* Compl. at 3-4. Florida District Courts have held that a claim for attorneys' fees "nearly always bring a state law claim with a prevailing plaintiff attorney's fee provision over the current jurisdictional threshold."  *Ramsay v. United Collection Bureau, Inc.*, No. 17-61246-CIV-Dimitrouleas, ECF No. 13 (S.D. Fla. Aug. 23, 2017).

17.     Here, Defendant estimates that Plaintiff's counsel may spend 300 hours litigating this case through trial. Such an estimate is consistent with how courts within Florida have defined "reasonableness" with regard to the amount of hours spent litigating a case. *See e.g., St. Fleur v. City of Fort Lauderdale*, 149 F. App'x 849, 854 (11th Cir. 2005) (affirming a reduction of an attorneys' fee award by merely thirty percent in an employment action where the plaintiff's attorneys claimed approximately 1500 hours litigating the case through trial); *Holland v. Gee*, No. 08-cv-2458, 2012 U.S Dist. LEXIS 164956, at *16 (M.D. Fla. Oct. 23, 2012) (affirming estimate of 260.8 billed hours by lead attorney and 190.8 hours billed by associate attorney as reasonable in an employment case that proceeded through trial); *Joseph v. Publix Super Markets, Inc.,* 00-cv-7327, 2004 U.S. Dist. LEXIS 30889, at *15-16 (S.D. Fla. Mar. 29, 2004) (awarding plaintiff $187,874.50 in attorneys' fees in an employment case based upon 1,023 hours of attorneys' billable time).

18.     Further, courts have also found that $250-300 per hour is a reasonable hourly rate for plaintiffs' attorneys in employment litigation cases. *See e.g., St. Fleur*, 149 F. App'x at 852-53 (affirming $250 as a reasonable hourly rate for lead trial attorneys litigating employment claim in the Middle District of Florida); *Brown v. School Board of Broward County*, No. 08-cv-61592, 2010 U.S. Dist. LEXIS 85084 (S.D. Fla. June 29, 2010) ($250 was a reasonable rate for a

plaintiff's attorney with six years of experience litigating an employment claim in the Southern District of Florida). Here, counsel for Plaintiff has been admitted to practice law in the state of Florida for approximately fifteen years, so $250 is a reasonable rate.[5]

19.    Following these precedents, Plaintiff's claims for attorneys' fees could easily exceed $75,000 ($250 hourly rate x 300 billable hours), which, when combined with Plaintiff's alleged damages resulting from his claims, further confirms that amount in controversy requirement is satisfied.

## CONCLUSION

20.    Based on Plaintiff's settlement demand and his claims for all damages recoverable pursuant to his claims, Defendant has plausibly alleged that the amount in controversy in this matter is in excess of $75,000.  *See e.g.*, *Hardesty*, 2009 WL 1423957, at *3 (finding minimum jurisdictional amount met based on settlement demand); *Mick*, 2010 WL 5140849, at *2 (same); *Schmidt v. Pantry, Inc.*, No. 1:11-cv-228-SPM, 2012 U.S. Dist. LEXIS 53530, at *16 (N.D. Fla. Mar. 6, 2012) (denying plaintiff's motion to remand an employment action where the back wages were $14,082.00, because "even a minimal award for compensatory damages, plus a reasonable attorney's fee places the amount in controversy in this case well above the sum of $75,000.00.").  In addition, the Parties are completely diverse.

WHEREFORE, Defendant respectfully requests that the United States District Court for the Middle District of Florida accept the removal of this action from the Circuit Court and direct that the Circuit Court in and for Volusia County, Florida, has no further jurisdiction of this matter unless and until this case is remanded.

---

[5] *See* C. Ryan Morgan's Florida Bar Online Record, appended hereto as <u>Exhibit E</u>.

**Dated**: June 3, 2020                  Respectfully submitted,

                              **Lewis Brisbois Bisgaard & Smith LLP**
                              110 SE 6th Street, Suite 2600
                              Fort Lauderdale, Florida  33301
                              Telephone:  954.728.1280
                              Facsimile:  954.728.1282

                   By: */s/Jonathan A. Beckerman*
                              Jonathan A. Beckerman, Esq. (FBN 568252)
                              Jonathan.Beckerman@Lewisbrisbois.com
                              Miguel A. Morel, Esq. (FBN 89163)
                              Miguel.Morel@Lewisbrisbois.com
                              Christopher T. Perré (FBN 123902)
                              Christopher.Perre@Lewisbrisbois.com

                              Counsel for Defendant.

## CERTIFICATE OF SERVICE

      **HEREBY CERTIFY** that on this 3rd day of June 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in a manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              *Christopher T. Perré*
                          By: Christopher T. Perré, Esq.

## SERVICE LIST

**COUNSEL FOR PLAINTIFF**

**Morgan & Morgan, P.A.**
Post Office Box 4979
20 North Orange Avenue, Suite 1600
Orlando, Florida  32802-4979
Telephone:  407.420.1414
C. Ryan Morgan, Esq. (FBN 0015527)
RMorgan@forethepeople.com

**COUNSEL FOR DEFENDANT**

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida  33301
Telephone:  954.728.1280
Facsimile:  954.728.1282
Jonathan A. Beckerman, Esq. (FBN 0568252)
Jonathan.Beckerman@lewisbrisbois.com
Miguel A. Morel, Esq. (FBN 89163)
Miguel.Morel@lewisbrisbois.com
Christopher T. Perré, Esq. (FBN 123902)
Christopher.Perre@lewisbrisbois.com

# EXHIBIT A

4825-6570-4367.1

## RETURN OF SERVICE

**State of Florida**  **County of Volusia**  **Circuit Court**

Case Number: 2020-10562-CIDL

Plaintiff:
**Jeffrey Steinberg,**

vs.

Defendant:
**Vemo Eductaion, Inc.,**



ALS2020002832

For:
C. Ryan Morgan
Morgan & Morgan, P.A.
20 N. Orange Ave.
4th Floor
Orlando, FL 32801

Received by ATTORNEY'S LEGAL SERVICES, INC. on the 30th day of April, 2020 at 6:06 pm to be served on **VEMO EDUCATION, INC. C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 Hays Street, Tallahassee, FL 32301.**

I, ERIC L. LARSON, do hereby affirm that on the **4th day of May, 2020** at **1:20 pm, I:**

served a **CORPORATION** by **serving** a true copy of the **SUMMONS, COMPLAINT WITH EXHIBITS, REQUEST TO PRODUCE, NOTICE OF SERVICE OF INTERROGATORIES AND INTERROGATORIES** with the date and hour of service endorsed thereon by me, to: **SHEENA KRUSE** as **CLERK FOR REGISTERED AGENT** for VEMO EDUCATION, INC., at the address of: **1201 HAYS ST, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes, **pursuant to F.S. 48.081(3).**

**Additional Information pertaining to this Service:**
SHEENA KRUSE, CLERK FOR RA, WF 25 YRS 5'4 120 LBS BLOND HAIR NO GLASSES

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

**ERIC L. LARSON**
CPS #063, 2ND JUDICIAL CIRCUIT

**ATTORNEY'S LEGAL SERVICES, INC.**
**617 E Washington St**
**Ste 2**
**Orlando, FL 32801**
**(407) 839-4644**

Our Job Serial Number: A
Ref: 9965290

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1m

**Form 1.997 Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion).

I.    CASE STYLE

(Name of Court) VOLUSIA

Plaintiff  JEFFREY STEINBERG                    Case #: _____

Judge: _____

vs.

Defendant  VEMO EDUCATION, INC., A DELAWARE CORP

II.   **AMOUNT OF CLAIM**
**Please indicate the estimated amount of the claim, rounded to the nearest dollar.  $105,000.00**

III.   **TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
  ☐ Products liability

☐ Real property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

CL-0891-2001

☐ Professional malpractice
   ☐ Malpractice – business
   ☐ Malpractice – medical
   ☐ Malpractice – other professional

☐ Other
   ☐ Antitrust/Trade regulation
   ☐ Business transactions
   ☐ Constitutional challenge – statute or ordinance
   ☐ Constitutional challenge – proposed amendment
   ☐ Corporate trusts
   ☐ Discrimination – employment or other
   ☐ Insurance claims
   ☐ Intellectual property
   ☐ Libel/Slander
   ☐ Shareholder derivative action
   ☐ Securities litigation
   ☐ Trade secrets
   ☐ Trust litigation

## COUNTY CIVIL

☐ Civil
☐ Replevins
☐ Evictions
☐ Other civil (non-monetary)

**IV. REMEDIES SOUGHT** (check all that apply):
   ☒ monetary;
   ☐ non-monetary declaratory or injunctive relief;
   ☐ punitive

**V. NUMBER OF CAUSES OF ACTION**: (specify)

Count I - Breach of Contract; Count II - Unpaid Wages

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ yes
   ■ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ■ no
   ☐ yes  If "yes", list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☐ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature _____ Fla. Bar # 0015527 _____
      Attorney or party                                (Bar # if attorney)

C. RYAN MORGAN _____ 4/22/20 _____
(type or print name)                                    Date

## FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET

Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.

**I. Case Style.** Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiff(s) and defendant(s).

**II. Amount of Claim.** Enter the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes and is not considered dispositive of the claim.

**III. Type of Case.** Place an "X" in the appropriate box. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label, place an "X" in the category and subcategory boxes. Definitions of the cases are provided below in the order they appear on the form.

### Circuit Civil

(A) Condominium - all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
(B) Contracts and indebtedness - all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
(C) Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
(D) Auto negligence - all matters arising out of a party's allegedly negligent operation of a motor vehicle.
(E) Negligence—other - all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
(F) Business governance - all matters relating to the management, administration, or control of a company.
(G) Business torts - all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.

Filing # 106508711 E-Filed 04/21/2020 01:35:59 PM

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

JEFFREY STEINBERG,

      Plaintiff,

vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

      Defendant.

_____/

CASE NO.: 2020  10562  CIDL

DIVISION : 02 - Kathryn Weston

S 420 12

ERIC LARSON
CERT PROCESS SERVER #063
2ND JUDICIAL CIRCUIT

Served:_____

Date:_____ Time:_____

Server:_____

Certified/Special Process Server #_____

### SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**VEMO EDUCATION, INC.**
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, Florida 32301

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on C. RYAN MORGAN, ESQ. Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

2020 10562 CIDL

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **VOLUSIA COUNTY COURTHOUSE, 125 East Orange Avenue, Daytona Beach, FL 32114; telephone (386) 736-5907,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

WITNESS my hand and the seal of this Court on this the _28th_ day of ___April___, 2020.

LAURA E ROTH
CLERK OF THE CIRCUIT COURT

By_____
As Deputy Clerk

rtn to pltf/atty for sop
cc pltf/atty by mail

2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

3

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

C. Ryan Morgan, Esq.
MORGAN & MORGAN, P.A.
POST OFFICE BOX 4979
20 NORTH ORANGE AVENUE, SUITE 1600
ORLANDO, FLORIDA 32802-4979
Telephone: (407) 420-1414
E-mail: rmorgan@forthepeople.com

4

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

JEFFREY STEINBERG,

                                            CASE NO.:

      Plaintiff,

vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JEFFREY STEINBERG ("Plaintiff"), sues the Defendant, VEMO

EDUCATION, INC., for breach of agreement and unpaid wages.  In support of his

Complaint, Plaintiff states as follows:

## PARTIES

1.      Plaintiff is an adult individual who resides in Volusia County, Florida.

2.      Defendant, VEMO EDUCATION, INC. (hereinafter "Vemo"), is a

Delaware Corporation with its headquarters in Arlington, Virginia, and is licensed

to conduct business in the state of Florida and does conduct business in the State of

Florida.

## JURISDICTION AND VENUE

3.      This is an action for damages more than $30,000.00.

4.      This Court has jurisdiction over Plaintiff's claims because, at all times material to this Complaint, Plaintiff primarily performed worked for Vemo in Volusia County, Florida, among other location.

5.      The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Volusia County, Florida.

<u>GENERAL ALLEGATIONS</u>

6.      Plaintiff and Vemo entered into an agreement by which Vemo agreed to pay Plaintiff certain commissions for services rendered on behalf of Vemo.  A true and correct copy of the offer letter signed by Plaintiff is attached hereto as Exhibit "A."

7.      Plaintiff and Vemo agreed to these terms and conditions and Plaintiff performed under the contract by performing his job duties and selling Vemo's services to their clients.

8.      During his employment, Vemo amended Plaintiff's commission plan several times, with the most recent amendment coming in November 2019, a true and correct copy of which is attached as Exhibit "B."

9.      Included in that amendment is a clause titled "Grandfathered Deals" which states that "Any contract with an issue/delivery date prior to 11/1/2019 will be paid the greater of 20% or $5,000 and given quota credit for the eligible fee revenue."

2

10. During his employment, Plaintiff performed work on and helped close numerous deals on behalf of Vemo.

11. In some of these deals, Plaintiff was paid his correct commissions.

12. However, in several deals, Plaintiff was paid less than the agreed upon amount and in some cases was paid no commissions whatsoever.

13. For example, on the Western Governors University deal, Plaintiff was listed as the "Deal owner" and sales person within Vemo's computer system.

14. Nonetheless, Vemo has failed to pay Plaintiff any commission whatsoever for the Western Governors University deal.

15. Vemo has breached the agreement with Plaintiff to pay him certain commissions on the Western Governors Deal and other deals to which Plaintiff is entitled to a commission for.

16. All conditions precedent to this action have been met or have been waived.

17. Plaintiff has retained the services of the undersigned law firm and is obligated to pay the firm a reasonable fee if this claim is successful.

### COUNT I – BREACH OF AGREEMENT

18. Plaintiff realleges and reincorporates Paragraphs 1 – 17 above.

19. Plaintiff and Vemo agreed to pay Plaintiff compensation for services performed. *See* Exhibit A and B.

20.     Notwithstanding the agreements' terms, Vemo has failed to pay Plaintiff complete compensation for all deals to which he is entitled a commission. *See, e.g.,* ¶¶ 10-15.

21.     Plaintiff has been damaged as a result of Vemo's failure to pay Plaintiff the agreed upon compensation to which he is entitled under the agreement.

22.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JEFFREY STEINBERG, demands judgment against Defendant for breach of contract damages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – UNPAID WAGES

23.     Plaintiff realleges and reincorporates Paragraphs 1 – 17 above.

24.     Plaintiff and Vemo agreed to pay Plaintiff compensation for services performed. *See* Exhibit A and B.

25.     Notwithstanding the agreements' terms, Vemo has failed to pay Plaintiff complete compensation for all deals to which he is entitled a commission. *See, e.g.,* ¶¶ 10-15.

26.     Plaintiff has been damaged as a result of Vemo's failure to pay Plaintiff the agreed upon compensation to which he is entitled under Florida law.

27.     Pursuant to Fla. Stat. § 448.08, Plaintiff is entitled to attorney's fees and costs when he prevails in this action.

4

28.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JEFFREY STEINBERG, demands judgment against Defendant for unpaid wages, pre-judgment interest, post-judgment interest, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

Respectfully submitted this 21st day of April, 2020.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esquire
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 418-2069
Facsimile: (407) 245-3401
Email:      RMorgan@forthepeople.com
Attorneys for Plaintiff

# EXHIBIT "A"

**VEMO EDUCATION, INC.**
2915 Hunter Mill Road
Unit 6
Oakton, VA 22124

January 3, 2018

Jeffrey Steinberg

~~███████████████~~

Dear Jeff:

Vemo Education, Inc., a Delaware corporation (the "Company"), is pleased to offer you employment with the Company on the terms described below.

     **1.**     **Position.** You will start in a full-time position as Regional Vice President, and you will initially report to the Company's Vice President, Higher Education. By signing this letter, you confirm with the Company that you are under no contractual or other legal obligations that would prohibit you from performing your duties with the Company.

     **2.**     **Compensation and Employee Benefits.** You will be paid a regular starting salary of $150,000 per year, payable on the Company's regular payroll dates. You will receive a signing bonus of $10,000 upon completion of your first payroll period at the Company, and you may expense the purchase of a laptop, computer or tablet as well as a phone. You will also be eligible for cash and equity bonuses as set forth in the attached compensation matrix. As a regular employee of the Company you will be eligible to participate in a number of Company-sponsored benefits.

     **3.**     **Stock Options.** Subject to the approval of the Company's Board of Directors, in 2018 you will be granted an option to purchase numbers of shares of the Company's common stock as stated in the attached compensation matrix. The Company expects to offer similar equity incentive compensation in subsequent years. The option will be subject to the terms and conditions applicable to options granted under the Company's 2015 Stock Plan, or any successor stock plan adopted by the Board, as described in that plan and the applicable stock option agreement, which you will be required to sign. Other than special vesting schedules set forth in the attached compensation matrix, you will vest in 25% of the option shares on the 12-month anniversary of your vesting commencement date and 1/48th of the total option shares will vest in monthly installments thereafter during continuous service, as described in the applicable stock option agreement. The exercise price per share will be equal to the fair market value per share on the date the option is granted, as determined by the Company's Board of Directors in good faith compliance with applicable guidance in order to avoid having the option be treated as deferred compensation under Section 409A of the Internal Revenue Code of 1986, as amended. There is no guarantee that the Internal Revenue Service will agree with this value. You should consult with your own tax advisor concerning the tax risks associated with accepting an option to purchase the Company's common stock.

**4.**     **Confidential Information and Invention Assignment Agreement.** Like all Company employees, you will be required, as a condition of your employment with the Company, to sign the Company's standard Confidential Information and Invention Assignment Agreement.

**5.**     **Employment Relationship.** Employment with the Company is for no specific period of time. Your employment with the Company will be "at will," meaning that either you or the Company may terminate your employment at any time and for any reason, with or without cause. Any contrary representations which may have been made to you are superseded by this offer. This is the full and complete agreement between you and the Company on this term. Although your job duties, title, compensation and benefits, as well as the Company's personnel policies and procedures, may change from time to time, the "at will" nature of your employment may only be changed in an express written agreement signed by you and the Company's Chief Executive Officer.

**6.**     **Outside Activities.** While you render services to the Company, you agree that you will not engage in any other employment, consulting or other business activity without the written consent of the Company. In addition, while you render services to the company, you will not assist any person or entity in competing with the Company, in preparing to compete with the Company or in hiring any employees or consultants of the Company.

**7.**     **Withholding Taxes.** All forms of compensation referred to in this letter are subject to applicable withholding and payroll taxes.

**8.**     **Entire Agreement.** This letter supersedes and replaces any prior understandings or agreements, whether oral, written or implied, between you and the Company regarding the matters described in this letter.

**9.**     **Background Check.** We are extending this offer contingent upon successful completion of our routine background and reference check. More information and consent to the background check will be provided in a separate letter.

*[Signature Page Follows]*

If you wish to accept this offer, please sign and date this letter return it to me.  This offer, if not accepted, will expire at the close of business on January 10, 2018.  You must accept this offer as a condition of working at the Company.

We look forward to having you start no later than February 1, 2018.

Very truly yours,

VEMO EDUCATION, INC.

By: _____

Name:  Tonio DeSorrento

Title: Chief Executive Officer

ACCEPTED AND AGREED:

Jeffrey Steinberg

_____
(Signature)

Date: __01 Jan 2018____

-3-

Vemo Education
Sales Compensation Matrix:  January 2018-December 2018

| Cash Base | $150k, paid biweekly |
| --- | --- |
|  |  |
| **Cash bonuses** |  |
| Small program (<$1.5m) | $5k/school (at signing of definitive agreement with pricing) |
| Medium program ($1.5m<>$3m) | $7.5k/school (at signing of definitive agreement with pricing) |
| Large program (>$3m) | $10k/school (at signing of definitive agreement with pricing) |
| First renewal – flat or <$1.5m | $5k (client still renewing 12 months after implementation) |
| First renewal – upsell | $7.5k or $10k (client still renewing 12 months after implementation) |
|  |  |
| **Equity** |  |
| Hit plan (12 school clients) | 60,000 options |
| Beat plan | 10,000 (each school) |
| Company hits plan (25 school clients) | 30,000 |
| Company beats plan by 50% | 30,000 |
| Large deal bonus (>$3m initial onboard) | 10,000 (3 per year max) |
| Quarterly timing ("hustle") bonus | 10,000 per remaining quarter after hitting plan |

# EXHIBIT "B"

**Jeff Steinberg**
**Regional Vice President**
**Incentive Compensation Plan**

**Term:  November 1, 2019 – December 31, 2020**

**Salary:  Unchanged**

**Quota:** Eligible Fee Revenue => $750,000

**Eligible Fee Revenue:**  The sum of Set-Up fee and First Year Annual Program Management Fee

**Small Deals:**  Any deal where the combined fee revenue is <$50,000, bonus will equal a one-time bonus payment of $5,000 AND only 50% of combined eligible fees count towards quota.

**Grandfathered Deals:**  Any contract with an issue/delivery date prior to 11/1/2019 will be paid the greater of 20% or $5,000 and given quota credit for the eligible fee revenue.

**Commission Matrix:**

| Percent of Quota | Percent of Fee Revenue |
| --- | --- |
| 1% - 80% | 20% |
| 81% - 125% | 25% |
| 126% - 150% | 30% |
| >150% | 40% |

**Examples:**
3 x ($100k set-up + $50k annual) = $450,000
3 x ($50k set-up + $25k annual) = $225,000
3 x ($25k set-up + $25k annual) = $150,000
Total Quota Eligible Fee Revenue. $825,000

**Commission @20% = $96,000**
**Commission @25% = $67,500**
**Commission @30% = $22,500**
                    **$186,000**
*based on $600,000 quota

1 x ($100k set-up + $50k annual) = $150,000
2 x ($75k set-up + $50k annual) = $250,000
3 x ($50k set-up + $25k annual) = $225,000
2 x ($25k set-up + $25k annual) = $100,000
Total Quota Eligible Fee Revenue $725,000

**Commission @20% = $96,000**
**Commission @25% = $61,250**
                    **$157,250**
*based on $600,000 quota

2 x ($75k set-up + $25k annual) = $200,000
3 x ($50k set-up + $25k annual) = $225,000
<u>4 x ($25k set-up + $25k annual) = $200,000</u>
Total Quota Eligible Fee Revenue $625,000

**Commission @20% = $96,000**
<u>**Commission @25% = $36,250**</u>
$132,250
*based on $600,000 quota

**<u>Additional Commission Opportunities:</u>**

**<u>Multi-year Deals:</u>**
$5,000 per year >3 years

**<u>Prepayment:</u>**
We may offer some schools the option of prepayment.  Rep will receive commission on the correlating percentage on all year one revenue.

*-example:  $50,000 set-up + $25,000 annual, we agree that we'd offer them a 20% discount for prepayment of 3 year contract ($125,000 discounted to $100,000 upfront).  Once the partner pays the $100,000, rep gets full quota credit and corresponding percentage on $100,000*

Filing # 106508711 E-Filed 04/21/2020 01:35:59 PM

**IN THE CIRCUIT COURT OF THE**
**SEVENTH JUDICIAL CIRCUIT, IN AND FOR**
**VOLUSIA COUNTY, FLORIDA**

**JEFFREY STEINBERG,**

                                    **CASE NO.:**

      **Plaintiff,**

**vs.**

**VEMO EDUCATION, INC., A**
**DELAWARE CORPORATION,**

      **Defendant.**

_____/

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF**
**DOCUMENTS TO DEFENDANT**

Plaintiff, JEFFREY STEINBERG, pursuant to Rule 1.350, Florida Rules of Civil

Procedure, requests that the above named Defendant, VEMO EDUCATION, INC., A

DELAWARE CORPORATION, produce the documents requested below to Plaintiff within

forty-five (45) days from the date of service hereof. To avoid Defendant responding by stating

"will make available for inspection and copying," Plaintiff agrees to pay reasonable copy costs at

the time of production not to exceed .25 cents. Moreover, the undersigned requests that

Defendant simply copy the documents to be produced and serve them with the responses or

contact the undersigned to work out arrangements for making copies prior to the response date

for these Requests.

**DEFINITIONS**

For Purposes of these Requests for Production:

a.    "Documents" includes writings or recording of every kind or character including, without
limitation, all correspondence, contracts, agreements, letters, invoices, reports, records,
memoranda, computer printouts, pamphlets, photographs, notes of meetings, including
materials taped, filmed, or photographed and all other matters commonly considered to
be documents.

1

b.  "Related to" means concern, explain, contain, correspond to, evidence or discuss, or to be in any way legally, logically, or factually connected with the matter inquired of.

c.  And" and "or" are used herein both in the conjunctive and disjunctive.

d.  "Identify" when used in reference to documents means to specifically state the type of document (e.g. letter, interoffice memorandum) and the following: (1) information sufficient to enable the inquirer to identify the document such as the nature of the document, the date, name or names of addressee(s), author(s) or recipient(s), name of signer(s), title or heading of the document and approximate number of pages.

e.  "Plaintiff" refers to Plaintiff, **JEFFREY STEINBERG**.

f.  "Defendant(s)" and "you" and "your" refers to, the Defendant, **VEMO EDUCATION, INC., A DELAWARE CORPORATION.**

## REQUESTS FOR PRODUCTION

1. All documents which evidence the terms and conditions of Plaintiff's relationship with Defendant, including all contracts, manuals, handbooks, and memos that Plaintiff was provided by Defendant.

2. Any personnel file of Plaintiff.

3. For each pay period of Plaintiff's relationship with Defendant, all paychecks, pay reports, pay stubs, computer reports or printouts or other documents evidencing the amount paid to Plaintiff.

4. All contracts or written agreements between Plaintiff and you related to pay to be received by Plaintiff.

5. All documents or records relied upon as a basis for responding to Plaintiff's Interrogatories to Defendant.

6. All form W-2s or 1099s prepared for Plaintiff by Defendant.

7. The corporate or organizational chart of Defendant.

8. All documents and correspondence between you and Plaintiff related to compensation allegedly owed to Plaintiff.

9. All text messages between Bill Brosseau and Plaintiff from January 2019 through January 2020.

10. All compensation plans for Jeffrey Steinberg, Marc Steinhardt and Bill Brosseau which were in effect during calendar year 2019.

11. All Hubspot records for the following accounts/deals:

    i. Western Governors University
    ii. Triangle Education
    iii. William Jessup
    iv. Salus University

3

           v.  Gwynedd Mercy
          vi.  Cabrini

12.     All commission payouts for Plaintiff.

13.     All e-mails sent to/from Plaintiff's Vemo e-mail address from January 1, 2019 through the end of Plaintiff's employment.

Dated this 21st day of April, 2020.

                         **/s/ C. RYAN MORGAN**
                         C. RYAN MORGAN, ESQ.
                         Florida Bar No. 0015527
                         MORGAN & MORGAN, P.A.
                         20 N. Orange Ave., 14th Floor
                         P.O. Box 4979
                         Orlando, FL 32802-4979
                         Phone:  (407) 420-1414
                         Fax: (407) 420-5956
                         Email: rmorgan@forthepeople.com
                         **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served along with the Summons and Complaint.

                         **/s/ C. RYAN MORGAN**
                         C. RYAN MORGAN, ESQ

Filing # 106508711 E-Filed 04/21/2020 01:35:59 PM

**IN THE CIRCUIT COURT OF THE**
**SEVENTH JUDICIAL CIRCUIT, IN AND FOR**
**VOLUSIA COUNTY, FLORIDA**

JEFFREY STEINBERG,

                                    **CASE NO.:**

    Plaintiff,

vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, JEFFREY STEINBERG, by and through the undersigned counsel, hereby gives notice pursuant to Rule 1.340, Florida Rules of Civil Procedure, that the attached interrogatories were served on the Defendant, VEMO EDUCATION, INC., A DELAWARE CORPORATION, answers to which will be due within forty-five (45) days from the date of service hereof.

Dated this 21st day of April ,2020.

                                          **/s/ C. RYAN MORGAN**
                                          C. RYAN MORGAN, ESQ.
                                          Florida Bar No. 0015527
                                          MORGAN & MORGAN, P.A.
                                          20 N. Orange Ave., 14th Floor
                                          P.O. Box 4979
                                          Orlando, FL 32802-4979
                                          Phone: (407) 420-1414
                                          Fax: (407) 420-5956
                                          Email: rmorgan@forthepeople.com
                                          **Attorneys for Plaintiff**

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served along with the Summons and Complaint.

/s/ **C. RYAN MORGAN**
C. RYAN MORGAN, ESQ.

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

JEFFREY STEINBERG,

                                     CASE NO.:

    Plaintiff,

vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

    Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, Plaintiff, JEFFREY

STEINBERG ("Plaintiff"), propounds his First Set of Interrogatories to Defendant,

VEMO EDUCATION, INC., A DELAWARE CORPORATION, ("Defendant") to be

answered in writing and under oath within thirty (30) days after service of these

Interrogatories.

## DEFINITIONS

For Purposes of these Interrogatories:

    a.  "Person" includes corporations, partnerships, and other business or legal
        entities, as well as individuals.

    b.  "Identify" when used in reference to an individual means to state his full
        name, present or last known address, present employment position or
        business affiliation and phone number.

    c.  "Identify" when used in reference to an entity means to identify whether the
        entity is a corporation, partnership or other organization, and the present or
        last known address of the principal place of business.

3

d.  "Identify" when used in reference to documents means to specifically state the type of document (e.g. letter, interoffice memorandum) and the following: (1) information sufficient to enable the inquirer to identify the document such as the nature of the document, the date, name or names of addressee(s), author(s) or recipient(s), name of signer(s), title or heading of the document and approximate number of pages.

e.  "Plaintiff" refers to Plaintiff, **JEFFREY STEINBERG**

f.  "Defendant(s)" and "you" and "your" refers to, the Defendant, **VEMO EDUCATION, INC., A DELAWARE CORPORATION.**

## *INTERROGATORIES*

1.   Please explain all agreements with Plaintiff on how he would be paid commissions and also indicate the time period such agreements were in effect and whether such agreement is contained in any document.

ANSWER:

STOPPED HERE

2.   Please explain why you did not pay Plaintiff commissions for the following accounts/deals:
    i. Western Governors University
    ii. Triangle Education
   iii. William Jessup
   iv. Salus University
    v. Gwynedd Mercy
   vi. Cabrini

ANSWER:

3.     For all of the deals listed in #2 where you did not pay Plaintiff commissions, for each deal please provide the citation to the specific written agreement section which you contend warrants Plaintiff not receiving commissions for each individual deal.

ANSWER:

4.     Please state the date which Bill Brosseau became eligible for commissions on sales, and please stare whether a written agreement/contract for such commissions exists between Defendant and Bill Brosseau.

ANSWER:

5.     Please state what the issue/delivery date was for each of the below accounts/deals:

     i.  Western Governors University
    ii.  Triangle Education
   iii.  William Jessup
   iv.  Salus University
    v.  Gwynedd Mercy
   vi.  Cabrini

ANSWER:

By_____

STATE OF_____

COUNTY OF _____

      SWORN TO AND SUBSCRIBED before me this ___day of _____, 2020.

The Affiant, _____, is [ ] personally known to me or [ ] has produced

_____as identification, which is current or has been issued within the past

five years and bars a serial number or other identifying number.

_____
Print Name:

_____
NOTARY PUBLIC-STATE OF_____
Commission Number: _____
My commission expires: _____
               (Notary Seal)

8

Filing # 106508711 E-Filed 04/21/2020 01:35:59 PM

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND FOR
VOLUSIA COUNTY, FLORIDA

JEFFREY STEINBERG,

      Plaintiff,

vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

      Defendant.

_____/

CASE NO.: 2020  10562  CIDL
DIVISION : 02 - Kathryn Weston

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories, Request for Production and Request for Admissions in the above-styled cause upon the Defendant:

**VEMO EDUCATION, INC.**
c/o Corporation Service Company, Registered Agent
1201 Hays Street
Tallahassee, Florida 32301

      Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **C. RYAN MORGAN, ESQ.** Morgan & Morgan, P.A., 20 North Orange Avenue, Suite 1600, P.O. Box 4979, Orlando, Florida 32802-4979, Telephone: (407) 420-1414, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

1

2020 10562 CIDL

## REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

     If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Human Resources, **VOLUSIA COUNTY COURTHOUSE, 125 East Orange Avenue, Daytona Beach, FL 32114; telephone (386) 736-5907,** at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

     WITNESS my hand and the seal of this Court on this the _28th_ day of _April_ , 2020.

LAURA E ROTH
CLERK OF THE CIRCUIT COURT

By_____
    As Deputy Clerk

rtn to pltf/atty for sop
cc pltf/atty by mail

2

## IMPORTANT

A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case.  If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the court.  There are other legal requirements. You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named above.

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demandadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o (V) 1-800-955-8770, via Florida Relay System."

## IMPORTANT

3

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.   Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.   Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou Telefono (TDD) 1-800-955-8771 ou (V) 1-800-955-8770, via Florida Relay System."

C. Ryan Morgan, Esq.
MORGAN & MORGAN, P.A.
POST OFFICE BOX 4979
20 NORTH ORANGE AVENUE, SUITE 1600
ORLANDO, FLORIDA 32802-4979
Telephone: (407) 420-1414
E-mail: rmorgan@forthepeople.com

4

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO.: 2020 10562 CIDL

JEFFREY STEINBERG,

    Plaintiff,

v.

VEMO EDUCATION, INC., A DELAWARE CORPORATION,

    Defendant.

_____/

### NOTICE OF LIMITED SPECIAL APPEARANCE
### ON BEHALF OF DEFENDANT, VEMO EDUCATION, INC.

NOTICE IS HEREBY GIVEN of the limited special appearance of the undersigned counsel, Jonathan A. Beckerman, Miguel A. Morel, and Christopher T. Perré, on behalf of Defendant, Vemo Education, Inc., for the limited purpose of moving for additional time to respond to Plaintiff's Complaint and/or filing an appropriate defensive responsive pleading, without waiving Defendant's right to dispute that this Court has personal or subject matter jurisdiction over it. The undersigned counsel designates the following email addresses for service of court documents pursuant to Rule 2.516, Fla. R. Jud. Admin.:

Primary email addresses:      Jonathan.Beckerman@lewisbrisbois.com
                                         Miguel.Morel@lewisbrisbois.com
                                         Christopher.Perre@lewisbrisbois.com

Secondary email addresses:   ftlemaildesig@lewisbrisbois.com

Dated: May 26, 2020.

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280

CASE NO.: 2020 10562 CIDL

Facsimile: 954-728-1282

BY: /s/ *Christopher T. Perré*
Jonathan A. Beckerman, Esq. (FBN 568252)
Jonathan.Beckerman@lewisbrisbois.com
Miguel A. Morel, Esq. (FBN 89163)
Miguel.Morel@lewisbrisbois.com
Christopher T. Perré, Esq. (FBN 123902)
Christopher.Perre@lewisbrisbois.com

Counsel for Defendant.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed on May 27,

2020 via the Court's e-Portal and e-mailed to all counsel of record.

BY:     /s/ *Christopher T. Perré*
Christopher T. Perré, Esq.

**IN THE CIRCUIT COURT FOR THE 7TH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA**

CASE NO.: 2020 10562 CIDL

JEFFREY STEINBERG,

      Plaintiff,

      vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

      Defendant.

_____/

**<u>DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL</u>**

Defendant VEMO EDUCATION, INC. ("Defendant"), hereby files this Notice of Filing Notice of Removal, and in support states:

1.      On or about April 21, 2020, Plaintiff JEFFREY STEINBERG ("Plaintiff") filed a two-count Complaint in the Circuit Court of the 7th Judicial Circuit in and for Volusia County, Florida (the "State Court Action"). Count I of the Complaint is for Breach of Contract for failure to pay commissions allegedly owed. Count II of the Complaint is for unpaid wages under Florida Statute § 448.110(6).

2.      On June 3, 2020, Defendant filed a Notice of Removal of the State Court Action in the United States District Court for the Middle District of Florida, Orlando Division. A copy of Defendant's Notice of Removal is attached as **Exhibit 1**.

**Dated**: June 3, 2020

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida  33301
Telephone:  954.728.1280
Facsimile:  954.728.1282

By:  /s/*Jonathan A. Beckerman*
     Jonathan A. Beckerman, Esq. (FBN 568252)
     Jonathan.Beckerman@Lewisbrisbois.com
     Miguel A. Morel, Esq. (FBN 89163)
     Miguel.Morel@Lewisbrisbois.com
     Christopher T. Perré (FBN 123902)
     Christopher.Perre@Lewisbrisbois.com

Counsel for Defendant.

## CERTIFICATE OF SERVICE

**HEREBY CERTIFY** that on this 3rd day of June 2020, a copy of the foregoing was e-filed with the Florida Courts E-filing portal, which electronically served a true and correct copy of the document on all counsel of record or pro se identified in the Service List below.

/s/ *Christopher T. Perré*
Christopher T. Perré

## SERVICE LIST

**COUNSEL FOR PLAINTIFF:**

MORGAN & MORGAN, P.A.
Post Office Box 4979
20 North Orange Avenue, Suite 1600
Orlando, Florida  32802-4979
Telephone:  407.420.1414
C. Ryan Morgan, Esq. (FBN 0015527)
RMorgan@forethepeople.com

**COUNSEL FOR DEFENDANTS:**

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida  33301
Telephone:  954.728.1280
Facsimile:  954.728.1282
Jonathan A. Beckerman, Esq. (FBN 0568252)
Jonathan.Beckerman@Lewisbrisbois.com
Miguel A. Morel, Esq. (FBN 89163)
Miguel.Morel@Lewisbrisbois.com
Christopher T. Perré, Esq. (FBN 123902)
Christopher.Perre@Lewisbrisbois.com

4825-6570-4367.1

# EXHIBIT B

# MORGAN & MORGAN®

*Attorneys At Law*

20 N. ORANGE AVENUE, 16th FLOOR
POST OFFICE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-1414

January 29, 2020

### SEN VIA FEDERAL EXPRESS

Tonio DeSorrento, CEO of
Vemo Education, Inc.
1560 Wilson Boulevard, Suite 950
Arlington, VA 22209

Re:   *Jeff Steinberg v. Vemo Education, Inc.*

Mr. DeSorrento:

This firm represents Jeff Steinberg in regard to certain unfair labor practices brought to our attention. As you know, Mr. Steinberg worked for your company, Vemo Education, Inc. (the "Company") as a Regional Vice President from February 2018 until just recently. Your Company has violated Florida law by failing to pay Mr. Steinberg his complete and entire commissions due and owing to him. As you know, Mr. Steinberg and the Company agreed to an Incentive Compensation Plan which dictated certain commissions be paid for deals completed by Mr. Steinberg. For almost two years, the Company paid Mr. Steinberg on his deals, yet inexplicably stopped paying him the agreed upon commissions recently. My client estimates these commissions to be approximately $105,000.00, and this does not even include renewals of deals which he knows occurred and has not been paid for.

Under Florida law, an aggrieved employee may sue his Company for unpaid commissions. Pursuant to Fla. Stat. § 448.08, an aggrieved employee is also entitled to his attorneys' fees and costs for pursuing such an action. Your Company is in violation of Florida law and owes compensation and related damages to Mr. Steinberg for the failure to pay all commissions earned and due. As these are serious allegations, you should consult with a lawyer of your choice. Please inform all necessary insurance carriers, the board of directors, or other parties who are required to receive notice of legal claims.

This letter is sent in anticipation of litigation, so you are now under a duty to preserve any relevant documents and electronically stored information which relates to my client's claim for compensation. This includes any information related to e-mail records, payroll records, records on deals Mr. Steinberg worked on, or any other relevant physically

ATLANTA, GA ◆ BIRMINGHAM, AL ◆ BOWLING GREEN, KY ◆ COLUMBUS, GA ◆ DAYTONA BEACH, FL ◆ DELAND, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL
KISSIMMEE, FL ◆ LAKELAND, FL ◆ LEXINGTON, KY ◆ LOUISVILLE, KY ◆ MELBOURNE, FL ◆ MEMPHIS, TN ◆ MOBILE, AL ◆ NAPLES, FL ◆ NASHVILLE, TN ◆ NEW YORK, NY
ORLANDO, FL ◆ PADUCAH, KY ◆ PENSACOLA, FL ◆ ST. PETERSBURG, FL ◆ SARASOTA, FL

www.forthepeople.com

or electronically stored information. If you fail to preserve this information, you can be subject to sanctions under state law.

However, my client would like to avoid a lawsuit if possible. This letter serves as a demand upon you to provide proper documentation showing all deals completed by my client during his entire employment with the Company, all paystubs received by my client, and all documents related to compensation my client was to receive. Once I review the records, I will send a second letter demanding proper payment for the amounts owed. Failure to contact this office or provide the proper documents by **Wednesday, February 19, 2020,** will leave my client no choice but to file a lawsuit against the Company. At that time, attorneys' fees and costs will rise dramatically.

Sincerely,

Morgan & Morgan, P.A.

C. Ryan Morgan, Esq.

cc:      client

# EXHIBIT C

4825-6570-4367.1

**2020 FOREIGN PROFIT CORPORATION AMENDED ANNUAL REPORT**

DOCUMENT# F17000004861

**FILED**
**Apr 30, 2020**
**Secretary of State**
**1251463035CC**

**Entity Name:** VEMO EDUCATION, INC.

**Current Principal  Place of Business:**

1560 WILSON BOULEVARD,
SUITE 950
ARLINGTON, VA 22209

**Current Mailing Address:**

1560 WILSON BOULEVARD,
SUITE 950
ARLINGTON, VA 22209 US

**FEI Number: 47-5517607**                                    **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:

_____

Electronic Signature of Registered Agent                                                   Date

**Officer/Director Detail :**

| | | | |
|---|---|---|---|
| Title | DPSCEO | Title | D |
| Name | DESORRENTO, TONIO | Name | ANDREWS, C.E. |
| Address | 1560 WILSON BOULEVARD SUITE 950 | Address | 1560 WILSON BOULEVARD SUITE 950 |
| City-State-Zip: | ARLINGTON VA 22209 | City-State-Zip: | ARLINGTON VA 22209 |
| | | | |
| Title | D | Title | D |
| Name | RADIA, AANAND | Name | RICHMAN, DARREN |
| Address | 1560 WILSON BOULEVARD SUITE 950 | Address | 1560 WILSON BOULEVARD SUITE 950 |
| City-State-Zip: | ARLINGTON VA 22209 | City-State-Zip: | ARLINGTON VA 22209 |
| | | | |
| Title | D | Title | DIRECTOR |
| Name | KRISHNAMURTHY, ANANTH | Name | MARKELL, JACK |
| Address | 1560 WILSON BOULEVARD SUITE 950 | Address | 1560 WILSON BOULEVARD, SUITE 950 |
| City-State-Zip: | ARLINGTON VA 22209 | City-State-Zip: | ARLINGTON VA 22209 |
| | | | |
| Title | DIRECTOR | | |
| Name | BLOT, KATIE | | |
| Address | 1560 WILSON BOULEVARD, SUITE 950 | | |
| City-State-Zip: | ARLINGTON VA 22209 | | |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: TONIO DESORRENTO                          PRESIDENT                          04/30/2020

Electronic Signature of Signing Officer/Director Detail                                              Date

4825-6570-4367.1

# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

JEFFREY STEINBERG,

     Plaintiff,

     vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

     Defendant.

_____/

## DECLARATION OF SHANAZ CHOWDHERY
## IN SUPPORT OF NOTICE OF REMOVAL

1.     I, Shanaz Chowdhery, declare as follows:

2.     I am an adult over the age of eighteen and have personal knowledge of the facts and matters set forth in this Declaration, or have knowledge based on my review of records kept in the regular and ordinary course of business.  I am thus competent to testify as to the facts and matters set forth herein.

3.     I am Chief of Staff to the Chief Executive Officer at Vemo Education, Inc. ("Vemo").  In my capacity as Chief of Staff, I am familiar with Vemo's operations, place of incorporation, and principal place of business.

4.     Vemo is a foreign profit company incorporated in the State of Delaware with its principal place of business in Arlington, Virginia.  Vemo's principal corporate offices, officers and directors, and headquarters that house Vemo's executive and administrative functions are located in Arlington, Virginia.

4811-6667-5389.1

5.      At the time the above-captioned case was filed, Vemo's principal place of business was, and continues to be, Arlington, Virginia.

6.      Jeffrey Steinberg is a former employee of Vemo.  Upon information and belief, Jeffrey Steinberg has at all relevant times been, and continues to be, a resident and citizen of the State of Florida.

7.      On May 4, 2020, Vemo received by electronic delivery a copy of Plaintiff's Summons and Complaint that included as "Exhibit A" thereto a copy of the supporting documentation upon which Plaintiff bases his claims.  At the time of service, Vemo's principal place of business remained Arlington, Virginia.

**Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this 3rd day of June 2020, in Arlington, Virginia.

Signature: _Shanaz Chowdhrery (Jun 3, 2020 10:09 EDT)_

Shanaz Chowdhrery
Chief of Staff

4811-6667-5389.1

# EXHIBIT E

# MEMBER PROFILE

# C Ryan Morgan

Member in Good Standing

Eligible to Practice Law in Florida

**Bar Number:**

15527

**Mail Address:**

Morgan & Morgan, P.A.
20 N Orange Ave Ste 1600
Orlando, FL 32801-4624

Office: **407-420-1414**

Cell: **407-420-1414** - No Text Messages

**Email:**

**rmorgan@forthepeople.com**

**Personal Bar URL:**

https://www.floridabar.org/mybarprofile/15527

**vCard:**



**County:**

Orange

**Circuit:**

09

**Admitted:**

09/27/2005

**10-Year Discipline History:**

None

**Law School:**

University of Florida, Fredric G. Levin College of Law, 2005

**Sections:**

Labor and Employment Law

Trial Lawyers

**Practice Areas:**

Civil Trial

Labor and Employment

Litigation/Trial Advocacy/Advocacy

Medical Malpractice

Personal Injury

Toxic Torts

Trial

**Firm:**

Morgan & Morgan, P.A.

**Firm Size:**

>100

**Firm Position:**

Partner/Shareholder

**Firm Website:**

**https://www.forthepeople.com/orlando/**

The Find a Lawyer directory is provided as a public service. The Florida Bar maintains limited basic information about lawyers licensed to practice in the state (e.g., name, address, year of birth, gender, law schools attended, admission year). However, The Florida Bar allows individual attorneys the opportunity to add personal and professional information to the directory. The lawyer is solely responsible for reviewing and updating any additional information in the directory. The lawyer's added information is not reviewed by The Bar for accuracy and The Bar makes no warranty of any kind, express or implied. The Florida Bar, its Board of Governors, employees, and agents are not responsible for the accuracy of that additional information. Publication of lawyers' contact information in this listing does not mean the lawyers have agreed to receive unsolicited communications in any form. Unauthorized use of this data may result in civil or criminal penalties. The Find a Lawyer directory is not a lawyer referral service.