# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

## CASE NO.: 6:20-cv-00967-WWB-EJK

JEFFREY STEINBERG,

    Plaintiff,

vs.

VEMO EDUCATION, INC., A
DELAWARE CORPORATION,

    Defendant.

_____/

## STIPULATED CONFIDENTIALITY AGREEMENT

Plaintiff, Jeffrey Steinberg, and Defendant, Vemo Education, Inc. ("Vemo") (collectively, the "Parties"), have stipulated and agreed to be bound by the terms of this Stipulated Confidentiality Agreement governing the disclosure and handling of privileged and confidential information.

WHEREAS, the Parties agree that certain documents pertaining to this litigation shall be protected so as to preserve the confidentiality of commercially sensitive, confidential, competitive and/or proprietary information contained therein;

WHEREAS, the Parties have agreed that these proceedings may involve the discovery and use of confidential, non-public, health and medical information, as well as sensitive, or proprietary business, employment, financial documents, and other materials;

WHEREAS, the Parties agree to produce, file, or disclose such documents only on the agreement that such confidential information, including confidential and proprietary human resource or business information, financial records of the Parties, compensation of Defendant's

current or former personnel, Defendant's confidential client and vendor names and information, current or former employees' workers' compensation files, compensation policies, organizational structure, training programs, hiring criteria, employee handbooks, and security protocols, "Personal Information" including current and former employee and patient social security information, dates of birth, personal banking information, medical information, and corporate trade secrets, including development data, pricing formulas, budgeting forecasts, prospective inventory management programs, and confidential business information will be disclosed only as provided herein;

WHEREAS, the Parties have agreed to stipulate to protect certain confidential and otherwise protected documents, data (including electronically stored information) and other information, against claims of waiver and inadvertent production in the event they are produced, disclosed, or filed in connection with this action whether in state court, federal court, or arbitration;

WHEREAS, the Parties may be required to produce large volumes of documents, the Parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other proceedings, and in addition to their agreement, need the additional protections of a court- and arbitral-order;

WHEREAS, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of documents that have been subject to minimal or no attorney review. This Order is designed to foreclose any arguments that by making such disclosures, the disclosure or production of documents subject to a legally recognized claim of

privilege, including without limitation the attorney-client privilege, work-product doctrine, constitutional privacy rights of individuals, and/or other applicable privilege:

   a. Was not inadvertent by the Producing Party;

   b. That the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

   c. That the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

   d. That such disclosure acts as a waiver of applicable privileges or protections associated with such documents.

WHEREAS, because the purpose of this Stipulation is to protect and preserve privileged and Confidential Documents and/or Trade Secrets, the Parties agree they are bound by the terms of this Stipulated Confidential Order after it is executed by their respective counsel, even if such execution occurs without and/or before the approval of a court and/or arbitrator.

THEREFORE, the Parties hereby stipulate to seek the entry of an Order governing the disclosure of documents and information containing "Confidential information," "Personal Information," and "Trade Secrets" under the terms set forth herein, as well as an Order governing the return of inadvertently produced documents and data and affording them the protections of Federal Rule of Evidence 502 (d) and (e), as well as any associated and applicable arbitration rule, pursuant to the terms and conditions set forth herein.

**IT IS HEREBY STIPULATED AND AGREED THAT:**

1	The Protective Order shall be entered pursuant to the Federal Rules of Civil Procedure, Federal Rule of Evidence 502 (d) and (e), and any associated and applicable arbitration rule.

2.	This Confidentiality Order governs the handling of "documents," "information," and "items of information" (as defined below) deemed "Confidential" produced, filed, and/or

exchanged in any manner in connection with this arbitration and any related pending court litigation proceedings (whether stayed or not).

    3.    Confidential documents shall include, without limitation, the following:

        a. Documents referring or related to confidential and proprietary human resources or business information; financial records of the Parties; Defendant's confidential client and vendor names and information, compensation of Defendant's current or former personnel; policies, procedures or training materials of Defendant; or Defendant's organizational structure; training programs, hiring criteria, employee handbooks, ethics and security protocols;

        b. Documents from the personnel file of any current or former employee of Defendant and/or contractor, including internal investigative files;

        c. Documents containing or relating medical or health information of any of Defendant's current or former employees and/or contractors;

        d. Documents containing or relating to the medical or health information of any of Defendant's current or former employees and/or contractors;

        e. Any portions of depositions (audio or video) where Confidential information is disclosed or used as exhibits.

    4.    Counsel for a Party (or Parties) in the case receiving information designated as "Confidential" shall treat the information as Confidential as described below, unless the designation was successfully challenged by obtaining an order from the Arbitrator or, as applicable, Court determining that the information is not "Confidential" within the meaning of this Order.

    5.    "Confidential Information" as defined herein shall not be disclosed, made available, or communicated to any person not listed below. "Confidential information" can only be disclosed to the following persons identified below:

a.  The Parties in this case, as defined herein;

b.  The Arbitrator or Court and appropriate arbitrator or court personnel;

c.  Counsel for each Party including members of the legal, paralegal, secretarial or clerical staff of such counsel;

d.  In-house counsel for Defendant and the secretarial, clerical, and paralegal staff of each, as well as members of Defendant's management and HR staff;

e.  Any person who was either an author or recipient of the information in question prior to the intended disclosure in this case;

f.  Any witness at an interview, trial, hearing or deposition in this matter, or in preparation therefore, where the disclosing counsel believes, in good faith, that showing the information to the witness will assist said counsel in the prosecution or defense of the claims in the case;

g.  Independent consultants, accountants and/or experts retained by any Party for assistance in the prosecution or defense of claims in the case;

h.  Private arbitrators and mediators involved in resolving disputes over claims in the action; and

i.  Litigation support personnel actively involved in the case, including information technology personnel, e-discovery vendors, arbitration/court reporters, arbitration/court videographers, and copy vendors.

6. Any person to whom delivery, exhibition or disclosure of any such designated "Confidential" information is made shall be given a copy of this Order and shall be bound by it. Further, pursuant to this Order, all persons to whom counsel discloses such "Confidential" information pursuant to Paragraph 6 will not disclose the documents or information to any person not authorized to receive it pursuant to this Order, and furthermore, shall not use the "Confidential"

documents or information for any purpose not directly connected with the preparation for the trial or settlement of the case.

7. The designation of documents or information as "Confidential" may be made by placing or affixing to every page containing the confidential information in question (without interfering with the legibility thereof), the legend "CONFIDENTIAL." Any page of a document so designated, and the information contained on such page shall be deemed to be "Confidential" and, therefore, protected under the terms of this Order unless the person designating the material as "Confidential" clearly indicates thereon that only a portion of the page or documents is to be treated as confidential or unless the designation was successfully challenged by obtaining an Order from the Arbitrator (or, as applicable, Court) determining confidentiality within the meaning of this Order.

8. Any person in possession of designated "Confidential" documents or information shall comply with the provisions of this Order.

9. If counsel for either Party (or Parties) intends to show or reveal to a person not described in Paragraph 6 any information contained in documents which are "Confidential" hereunder, or intends to file "Confidential" information in or with the Arbitrator (or, as applicable, Court), then counsel shall contact opposing counsel to seek advance permission for such disclosure or filing. Counsel will attempt in good faith to work with one another to resolve any differences. If counsel for the parties cannot reach agreement on the proposed disclosure or filing, then counsel shall present the matter to the arbitrator presiding over the matter.

10. Upon final termination of the case, all documents and other "Confidential" information including any copies thereof, shall be returned to or destroyed at the option of the persons providing such information (and each person to whom such information has been

furnished or produced shall be obligated to return or destroy same, including all copies, at the request of the person providing such information). Within a reasonable period following the conclusion of all proceedings in the case, counsel for any Party shall, at the request of counsel for the opposing Party, certify that the terms of this paragraph have been fully complied with.

11. To the extent counsel for any Party desires to use information designated as "Confidential" in open arbitration proceedings (or, as applicable, court proceedings) or in a filing in this case, counsel will contact counsel for the opposing Party in a good faith attempt to work with each other to determine a mutually acceptable method of preserving the confidentiality of such "Confidential" information without unduly constraining its use in this action. If counsel for the Parties cannot reach agreement on the proposed use, then counsel shall present the matter to the Arbitrator (or, as applicable, Court) where the case is pending for further resolution. Any filing of designated "Confidential" information must be filed under seal and only made available to qualified recipients. The foregoing requirement to seal documents containing "Confidential" information pertains to documents already filed with a Court or arbitrator of competent jurisdiction.

12. The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated Confidential pursuant to the Order. Once executed by all Parties, the Stipulation shall be by treated by the Parties as an Order of Arbitrator (or, as applicable, Court) until it is formally approved by the Arbitrator (or, as applicable, Court).

13. Upon termination of this action by entry of a final judgment (inclusive of any appeals or petitions for review), the Parties may request the return of all previously furnished Confidential information, including any copies thereof, and each person or party to whom such

Confidential information has been furnished or produced shall be obligated to return it within thirty (30) days of said request.

14. By with this Stipulation, the Parties agree to protect privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

   a. The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such Document.

   b. The disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind, irrespective of whether such disclosure preceded the Parties' execution of this Stipulation.

   c. If, during the course of this litigation, a party determines that any Document produced or filed by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

      i. the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents

cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

    ii. If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

d. If, during the course of this litigation, a party determines it has produced or filed a Protected Document:

    i. The Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure or any applicable arbitration rules or procedures, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

    ii. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

e. To the extent that the information contained in a Protected Document or other Confidential information has already been filed or has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Parties and/or the Receiving Party shall sequester such documents until the claim has been resolved. If either party has disclosed and/or filed the Protected Document or other Confidential information before being notified of its inadvertent production or prior to the material being designated as Confidential, it must take reasonable steps to retrieve, redact, and/or seal it.

   i. Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness or the segregation of privileged or protected information before such information is produced to another party.
   ii. By operation of the Parties' agreement and Arbitrator (or, as applicable, Court) Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e) and any applicable arbitration rule.

15. Subject to the Rules of Evidence, a stamped Confidential document and other Confidential Information may be offered in evidence at trial or any arbitration or court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as Confidential.

16. Any party may request the entry of an Order from the Court and/or Arbitrator requesting evidence be received and reviewed in camera or under other conditions to prevent unnecessary disclosure. The Court and/or Arbitrator will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such information at the trial.

17. If another court, arbitral body, or an administrative agency subpoenas or orders production of stamped Confidential documents which a party has obtained under the terms of the

Order, such party shall promptly notify the party or other person who designated the document as Confidential of the pendency of such subpoena or order.

18. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of this litigation and/or arbitration and not for any other purpose.

19. Nothing in the Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript, or other information. And nothing in the Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of the Order.

**20. Once executed by the Parties, or counsel for the Parties, the Stipulation shall be treated by the Parties as an Order of Arbitrator (or, as applicable, Court) until it is formally approved by the Arbitrator (or, as applicable, Court).**

**Dated**: October 8, 2020

Respectfully Submitted,

| | |
|---|---|
| **Morgan & Morgan, P.A.** <br> 20 N. Orange Ave., 14th Floor <br> P.O. Box 4979 <br> Orlando, Florida 32802 <br> T: (407) 418-2069 <br> F: (407) 245-340I <br><br> */s/ C. Ryan Morgan* <br> C. Ryan Morgan (FBN 0015527) <br> RMorgan@forthepeople.com <br><br> Counsel for Plaintiff | **LEWIS BRISBOIS BISGAARD & SMITH LLP** <br> 110 SE 6th Street, Suite 2600 <br> Fort Lauderdale, Florida 33301 <br> T: (954) 728-1280 <br> F: (954) 728-1282 <br><br> */s/ Jonathan A. Beckerman* <br> Jonathan A. Beckerman (FBN 568252) <br> Jonathan.Beckerman@lewisbrisbois.com <br> Miguel A. Morel, Esq. (FBN 89163) <br> Miguel.Morel@lewisbrisbois.com <br> Christopher T. Perré (FBN 123902) <br> Christopher.Perre@lewisbrisbois.com <br><br> Counsel for Defendant |